MICHAEL K. GRACE (SBN 126737)
mgrace@gracelaw.com
PAMELA D. DEITCHLE (SBN 222649)
pdeitchle@gracelaw.com
GRACE+GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, California 90071
Telephone: (213) 452-1220
Facsimile:  (213) 452-1222

Attorneys for Plaintiff J2F Productions, Inc.

FILED
2009 SEP 25 AM 2:51
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J2F PRODUCTIONS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> JASON SARROW, an individual, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV09 07000 CAS (CTx) <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT |

For its complaint against Defendant Jason Sarrow ("Sarrow") and DOES 1-10 (collectively, "Defendants"), Plaintiff J2F Productions, Inc. ("Plaintiff" or "J2F") alleges as follows:

1. This complaint concerns willful copyright infringement by a former assistant and actor who has taken a rough cut version of an unreleased film and is offering to sell it to the public.

# PARTIES

2. Plaintiff is a California corporation with its principal place of business in the County of Los Angeles, California.

3. On information and belief, Sarrow is an individual residing in the County of Los Angeles, California and doing business as E.E. Morris Presents.

4. The true names and capacities of Defendants named herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants as DOES 1 through 10. Plaintiff will seek leave of this Court to amend its complaint to show their true names and capacities when known. Plaintiff is informed and believes and on that basis alleges that DOES 1 through 10 were responsible in some manner for the acts alleged herein and, therefore, are liable to Plaintiff.

# JURISDICTION AND VENUE

5. This action arises under the Copyright Law of the United States, 17 U.S.C. §§ 101 et seq. This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district.

# BACKGROUND FACTS

7. J2F is a film production and distribution company headquartered in Van Nuys, California. Doug Jacobson ("Jacobson") is the founder and president of J2F.

8. Jacobson has been a professional film producer, director, and editor since graduating in 1993 from the University of Southern California School of Cinematic Arts with a Bachelor of Arts degree in Production. Jacobson's editing credits include "behind the scenes" features for motion pictures, including "Old School" (starring Will Ferrell), "The Terminal" (starring Tom Hanks) and

GRACE & GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1  animated hits like "Shrek the Third," "Wallace and Gromit: The Curse of the
2  Were-Rabbit" and "Flushed Away". He also has produced, directed, edited, and
3  distributed fringe-culture documentary films through J2F.

4      9.  Defendant Jason Sarrow is an actor in community theatre. Sarrow
5  also participates in "renaissance faires" ("RenFaire") and is an active participant in
6  the RenFaire community of fantasy medievalists.

7      10. The modern "RenFaire" movement began in Southern California
8  during the 1960s. A typical RenFaire is held outdoors in a large space staged to
9  resemble a small Elizabethan era English village. Amateur and professional actors
10 dress in costume and interact "in character" with attendees, who also are
11 encouraged to wear period clothing. RenFaires usually feature period
12 entertainment and staged performances (*e.g.*, excerpts from Shakespeare's plays
13 and mock jousting matches), demonstrations of period arts and crafts techniques,
14 and booths selling medieval and Renaissance-themed items.

15     11. As RenFaires grew in size and expanded to more locations, a
16 counterculture emerged among participants and attendees who were disgruntled
17 with the modern world, which they perceived to be corporate and false. These so-
18 called "Rennies" are devout in their adherence to RenFaire "ideals," travel to
19 RenFaires nationwide, and sometimes remain "in character" even when not at a
20 RenFaire event.

21     12. In 2003, Jacobson attended a social gathering where he was
22 introduced to Defendant Jason Sarrow. Sarrow and Jacobson discussed Jacobson's
23 2001 documentary film "Burning Man: Journey to the Flame" that chronicled the
24 culture of the radical "new age" event held annually in the Nevada desert. The
25 conversation turned to the Rennie subculture in which Sarrow was involved.
26 Jacobson commented that he was interested in making a documentary film about
27 RenFaires and Rennies. Sarrow offered to help Jacobson make connections within
28 the insular Rennie community.

GRACE & GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

3
COMPLAINT

13. In return for Sarrow's assistance and appearances, Jacobson agreed to give Sarrow a producer credit and one-half of the net profits from the documentary film, when and if completed and released. Jacobson never agreed to assign any ownership interest in the documentary film to Sarrow, and no such assignment ever occurred.

14. Between 2003 and March 2009, Jacobson directed and personally filmed over 120 hours of footage, interviewed over 45 subjects, including Sarrow, and spent months researching and assembling material for the documentary. Jacobson is the sole of author of the documentary film, which is entitled "Faire: An American Renaissance" (the "Film").

15. Jacobson, as an employee J2F, has complete control over all creative decisions pertaining to the Film. J2F paid for all production costs and exercised complete control over editing the footage, mixing the audio, designing the opening and closing credit sequences and navigation menus, and preparing the Film for test and festival screenings.

16. As of the date of this Complaint, the Film has not been released to the general public, but has been screened at film festivals in the Los Angeles area and at a USC film school alumni event.

17. In or about May 2009, Plaintiff provided Sarrow with a DVD "screener" of an early, unfinished version of the Film (the "Rough Cut") for Sarrow's viewing and comment. The Rough Cut contains typographical errors, features an inferior, preliminary sound mix, incomplete editing, and was intended only to be shown to a limited number of "test audiences" for feedback.

18. Plaintiff has learned that Sarrow intends to sell copies of the Rough Cut. Plaintiff never authorized Sarrow to reproduce, distribute, perform, or display the Rough Cut or any other version of the Film.

19. Sarrow mantains a personal website, www.jasonsarrow.com, where he has displayed excerpts of the Rough Cut. Sarrow also maintains a website,

www.fairethemovie.com, where he is displaying Plaintiff's "official" promotional poster for the Film, displaying and performing selected portions of the Rough Cut as a "trailer," and displaying a gallery of photographs taken by Jacobson.  Plaintiff has never authorized Sarrow to make derivative works of, to display, or to perform the Rough Cut or any other version of the Film, or to display or reproduce any other works created by Jacobson or any other J2F employee during production of the Film.

20. Plaintiff demanded that Sarrow immediately cease and desist from selling or showing the Rough Cut or otherwise making any use of the Rough Cut or photographs taken by J2F employees during the production of the Film. Sarrow has refused to comply.

21. Plaintiff is the owner of the U.S. Copyright Registration Reg. No. PAu003409193 for the motion picture *Faire: An American Renaissance.*

## CLAIM FOR RELIEF
## Copyright Infringement
## (Against Sarrow and DOES 1-10)

22. Plaintiff realleges herein paragraphs 1-21 of this Complaint.

23. Defendants Sarrow and DOES 1-10, and each of them, have infringed and are infringing Plaintiff's exclusive rights to the Film by (a) reproducing it; (b) preparing derivative works based upon it; (c) distributing it by sale or other transfer of ownership or by rental, lease, or lending; and/or (d) performing it publically.

24. By reason of Sarrow's infringing conduct as alleged above, Plaintiff has been damaged in an amount not finally ascertained but not less than $1,000,000.

25. By reason of Sarrow's infringing conduct as alleged above, Sarrow has been unjustly enriched in an amount not finally ascertained but not less than $1,000,000.

26. Despite Sarrow's actual knowledge of Plaintiff's exclusive rights to the Film, Sarrow has been and is continuing to infringe Plaintiff's rights reproducing the Film, distributing the Film, and performing it publically. Such infringement is willful, deliberate and malicious, thereby entitling Plaintiff to enhanced damages.

27. At his election, Plaintiff is entitled to recover statutory damages for willful infringement under 17 U.S.C. § 504(c)(2) in an amount to be determined by the Court.

28. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to an award of its reasonable attorneys' fees as part of the costs of suit herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a preliminary injunction ordering Sarrow and each of his employees and agents from copying, displaying, performing, advertising or otherwise using the Rough Cut or any derivative work thereof;

2. For an order to impound and destroy all copies of the Rough Cut, any derivative work thereof, and all excerpts and outtakes;

3. For a permanent injunction to the same effect as paragraph 1 above;

4. For an award of damages against Sarrow and DOES 1-10 in an amount to be determined at trial;

5. For an award of Plaintiff's reasonable attorneys' fees incurred herein against Sarrow;

6. For Plaintiff's costs of suit; and

///
///
///
///
///

7. For such other and further relief as this Court may deem just and proper.

DATED: September 25, 2009

Respectfully submitted

GRACE+GRACE LLP

*[signature]*

Pamela D. Deitchle
Attorneys for Plaintiff
J2F Productions, Inc.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
J2F PRODUCTIONS, INC., a California corporation

**DEFENDANTS**
JASON SARROW, an individual; and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GRACE+GRACE LLP
444 South Flower Street, Suite 1650, Los Angeles, California 90071
(213) 452-1220

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT:** $ not less than $1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09 07000**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 25, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |



ORIGINAL

| Name & Address: | |
|---|---|

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| J2F PRODUCTIONS, INC., a California corporation; | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> v. <br> JASON SARROW, an individual; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CV09 07000 CAS (CTx) <br><br> SUMMONS |

TO: DEFENDANT(S): JASON SARROW, an individual; and DOES 1-10, inclusive

    A lawsuit has been filed against you.

    Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __GRACE+GRACE LLP__, whose address is __444 S. Flower St., Suite 1650, Los Angeles, CA 90071__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 2 5 2009__

By: __CHRISTOPHER POWERS__
      Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                           **SUMMONS**