FILED
CLERK, U.S. DISTRICT COURT

APR 2 6 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| J2F PRODUCTIONS, INC., a California corporation; | ) Case No.: CV 09-7000 CAS (FFMx) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| JASON SARROW, an individual, and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |
| AND RELATED COUNTERCLAIMS. | ) |

1.       Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "CONFIDENTIAL."  Any information that is publicly available should not be designated as "CONFIDENTIAL."  A document should be designated "CONFIDENTIAL" when it contains or reflects confidential business information, including but not limited to information which the disclosing party or non-party in good faith believes contains confidential design

1

**PROTECTIVE ORDER**

1   or development information, commercial information, non-public financial

2   information, unreleased film footage, confidential or private information about

3   current or former contractors or vendors (including contractor and vendor

4   personnel records), or other information of a confidential, proprietary, private or

5   personal nature.

6

7       2.      Information designated "CONFIDENTIAL" may be used only in

8   connection with this proceeding and not for any other purpose.  Film footage and

9   digital images produced by one party shall not be released directly to the

10   receiving party but shall be maintained at the law offices of counsel for the

11   receiving party. CONFIDENTIAL information may not be disclosed to anyone

12   except as provided in this Protective Order.

13

14      3.      Any party or non-party wishing to come within the provisions of this

15   Protective Order may designate in writing the documents (as defined in Fed. R.

16   Civ. P. 34 and Fed. R. Evid. 1001) or parts of documents that it considers

17   confidential at the time the documents are produced.  Each page of the document

18   must be marked "CONFIDENTIAL" by the producing party, and any confidential

19   documents exchanged prior to this Protective Order being entered by the Court

20   shall, within a reasonable time, be so marked.  It is the intent of the parties that

21   each document previously designated as "CONFIDENTIAL" and transmitted to

22   the respective other party, including any such documents and information

23   exchanged for settlement purposes, are to be covered by this Protective Order.

24   "CONFIDENTIAL" documents or things that cannot be reasonably labeled

25   pursuant to this paragraph shall be so designated by the producing party by

26   informing the receiving party in writing.

27

28

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

2

**PROTECTIVE ORDER**

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

4.     In the instance of deposition testimony, the witness being deposed or counsel shall invoke the provisions of this Protective Order in a timely manner and designate information as "CONFIDENTIAL" within thirty (30) days after receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or part of the transcript.  For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter and counsel for the party asserting that certain documents or testimony is confidential.

5.     Any documents, discovery responses or deposition transcripts stamped "CONFIDENTIAL," as well as any copies or excerpts thereof, or analyses or related reports, and any deposition testimony or portion marked as "CONFIDENTIAL," may be made available only to:

a.     A party, or any officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, provided that all film footage and digital images prepared for any version of *Faire: An American Renaissance* shall remain in counsel's offices for inspection onsite by the parties;

b.     Attorneys of record for the receiving party and employees of such attorneys on a need-to-know basis;

c.     Judges, law clerks and other personnel of the Court;

d.     Independent experts and consultants retained by the attorneys for purposes of the litigation who are not directly associated with a party;

3

**PROTECTIVE ORDER**

e.    Court reporters and their staff who are required to transcribe testimony; and,

f.    Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

6.    For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he or she is: (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, agent distributor, seller, representative, advertiser, promoter, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; (b) an officer, shareholder, owner, manager, partner, agent distributor, seller, representative, advertiser, promoter, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation; or, (c) the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

7.    Each person permitted by the parties or their counsel to have access to designated information or documents under the terms of this Protective Order (other than the persons identified in Paragraphs 5(b), 5(c), and 5(e)) shall, prior to being given such access, be provided with a copy of this Protective Order for review. No person may have access to such designated information or documents unless, upon receiving this Protective Order, each such person signs a statement in the form of Exhibit A indicating that he or she has read the Protective Order and agrees to comply with its terms.

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

**PROTECTIVE ORDER**

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

8.     The restrictions in this Protective Order shall not apply to information known to the receiving party or the public before the date of its transmission to the receiving party, or that becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents that would violate this Protective Order.

9.     Any document or evidence designated as containing "CONFIDENTIAL" information and that a party wishes to file with the Court shall be presented to the Court along with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5.  Furthermore, any such document or evidence so presented to the Court shall be placed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the instant action, and a statement substantially in following form:

CONFIDENTIAL
This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.

10.     If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as "CONFIDENTIAL" or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, the parties shall first meet and confer.  If the producing party does not agree to change the designation or to the further disclosure, then the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the

5

**PROTECTIVE ORDER**

provisions of this Protective Order or be available to specified other persons.  It shall be the burden of the party who makes the designation to demonstrate that the material or information at issue was properly designated.  It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary.  Such motion shall be governed by Local Rule 37.

11.    In the event that a party is served with a subpoena by any person, firm, corporation, or other entity not a party to this action, is not a signatory to this Protective Order or otherwise not bound by this Protective Order, who seeks to compel production of "CONFIDENTIAL" information or documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party that has asserted that the information or documents subject to the subpoena are "CONFIDENTIAL."  The written notice required by this paragraph shall be given no later than seven days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier.  The party who designated the subject information or documents as "CONFIDENTIAL" shall have the responsibility to seek to obtain an order from the issuing Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents.  Nothing in this order relieves a party of an obligation to comply with a lawful order or a subpoena.

12.    The Protective Order may be modified only in writing by the parties and approved by an order of the Court.

13.    Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall:  (a) assemble and return all designated materials, including copies to the person(s) and entity(ies) from whom

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

6

**PROTECTIVE ORDER**

the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made.  The attorney of record may retain one copy of any designated materials, to be kept confidentially, and retain all copies of designated materials containing attorney work-product information.

14.    This Protective Order shall not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

IT IS SO ORDERED.

DATED: _April 26_, 2010

_____
Hon. Frederick F. Mumm
United States Magistrate Judge

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

**PROTECTIVE ORDER**

GRACE + GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER AND
AGREEMENT TO BE BOUND**

I, _____ , state that:

I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" within the terms of the Protective Order entered in the U.S. District Court, Central District of California case entitled *J2F Productions, Inc. v. Sarrow*, Case No. CV 09-7000 CAS (CTx).

I have received a copy of the Protective Order in this action, a copy of which is attached. I have carefully read and understand the provisions of the Protective Order.

I agree to be bound by and will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any information subject to the Protective Order that is disclosed to me. Upon termination of this action, I will return all confidential information that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Protective Order.

I declare the foregoing is true under penalty of perjury under the laws of the State of California and the United States of America.

DATED:_____        _____
                                    Signature

                                    _____
                                    Typed or Printed Name

9
**PROTECTIVE ORDER**